WILLIAM H. HARKER, HOWARD G. WINTLING AND HARRY J. DUNN, IN THEIR OWN RIGHT AND FOR AND ON BEHALF OF ALL OTHER MEMBERS OF INDUSTRIAL UNION OF MARINE AND SHIPBUILDING WORKERS OF AMERICA, LOCAL NO. 1; AND INDUSTRIAL UNION OF MARINE AND SHIPBUILDING WORKERS OF AMERICA, LOCAL NO. 1, AN UNINCORPORATED ASSOCIATION, PLAINTIFFS-APPELLANTS, v. JAMES C. McKISSOCK, ROBERT RULON, HERMAN SCHOMBER, ADOLPH F. PRYZWARA, THOMAS W. SAUL, JOHN J. KNOWLES, ROBERT E. KAVANAGH, WILLIAM R. ANDERTON, LESTER INVESTMENT COMPANY, A BODY CORPORATE, AND SHIPBUILDERS EDUCATIONAL SOCIETY, A CORPORATION NOT FOR PROFIT, DEFENDANTS-RESPONDENTS, AND NEW YORK SHIPBUILDING CORPORATION, FIRST CAMDEN NATIONAL BANK AND TRUST COMPANY, I.U.M.S.W.A. FEDERAL CREDIT UNION, A BODY CORPORATE, HADDONFIELD NATIONAL BANK, FIRST NATIONAL BANK OF MARLTON, AND UNION FEDERAL SAVINGS AND LOAN ASSOCIATION, A BODY CORPORATE, DEFENDANTS, AND INDUSTRIAL UNION OF MARINE AND SHIPBUILDING WORKERS OF AMERICA, AN UNINCORPORATED ASSOCIATION, DEFENDANT-APPELLANT.

Decided December 3, 1951.

*Mr. F. Morse Archer, Jr.*, for the petitioning defendants-respondents (*Messrs. Boyle, Archer & Greiner*, attorneys).

*Mr. Albert B. Melnik*, for the defendant-appellant.

PER CURIAM. We have here a petition by the individual and corporate defendants-respondents for a rehearing on the ground that forfeiture of the property of Industrial Union of Marine and Shipbuilding Workers of America, Local No. 1, has been decreed, although the local itself is not a party to

the suit, either as an entity or by representation. The opinion is reported in 7 *N. J.* 323.

It is asserted that Local was not properly joined as a party plaintiff and that neither the individual defendants-respondents nor their counsel represent Local in the suit, and so the judgment "can only be against" the defendants-respondents "as individuals and not against them as representing Local." This in despite of the answer made by the defendants-respondents that the individual defendants-respondents "are the duly constituted officers and trustees of Local No. 1 and as such are representing said Local No. 1 in this litigation and in its affairs generally," and that Local No. 1 "is, in fact, represented by James C. McKissock and the other individual defendants herein named, who are its duly elected officers and trustees," although nonjoinder of Local was pleaded, and it is now contended that the counterclaim did not constitute an action against Local as an entity for the forfeiture of its property.

Local has not prayed for leave to intervene, or for a rehearing and a vacation of the judgment to that end. The application for a rehearing is made by parties who are themselves concededly bound by the judgment and who disavow the right of representation of Local. As pointed out in the principal opinion, National's constitution provides.that, upon disaffiliation, the Local's property shall automatically become the property of National's General Executive Board and the officers of the disaffiliated local "shall be responsible for" its "immediate transmission to the G. E. B." The petitioning defendants-respondents acknowledge that they are bound by the judgment on the issue of forfeiture made by the pleadings. It is not a valid ground of complaint by them that Local as an entity is not also concluded by the judgment for want of representation in the suit, if such be the case. The nonjoinder of Local does not excuse the defendants-respondents from compliance with the judgment. Compare *State Council v. Sharp,* 38 *N. J. Eq.* 24 (*Ch.* 1884). See, also, *Altmann v. Benz,* 27 *N. J. Eq.* 331 (*Ch.* 1876). There is no contention

that the nonjoinder of Local precludes a judgment against the individual defendants-respondents with relation to their right of possession of the property in suit. It has been adjudicated in a proceeding in which these defendants were parties that the property belongs to National, and they as officers of Local must perforce turn over the property to National in accordance with the judgment. Local may intervene to protect its rights if it conceives that it has not been heard on the issue, but that Local has not done.

We have no occasion now to consider whether Local was before the court as an entity, assuming that it may sue or be sued as an artificial person (*vide R. S.* 2:78–1, *R. S.* 2:78–6), or by virtual representation through the individual defendants-respondents as its officers and trustees. A decision of this question in favor of representation would result in the same challenge that is now interposed on this petition for a rehearing, namely, that it was taken without affording the entity a hearing.

The motion for a rehearing is denied.

*For denial of petition for rehearing*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—6.

*Concurring in result*—Justice CASE—1.